IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

ANTHONY D. WILLIAMS,

                Petitioner,           OPINION AND ORDER

   v.

                                         17-cv-77-wmc

MATTHEW MARSKE, Warden
Federal Correctional Institution - Oxford,

                Respondent.[1]

---

      Petitioner Anthony Williams seeks habeas corpus relief under 28 U.S.C. § 2241 from his continued confinement at the Federal Correctional Institution at Oxford, Wisconsin. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which may be applied to habeas petitions not brought pursuant to § 2254, including § 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243. Under Rule 4, the court will dismiss the petition only if it plainly appears that petitioner is not entitled to relief.

      Williams is serving an 84-month sentence as the result of a June 24, 2011, judgment of conviction for "unlawful transport of firearms" and "felon in possession of a firearm," entered by the United States District Court for the Western District of Michigan. In his petition, Williams argues that his sentence is unlawful because he did not receive credit for time he spent in custody before his federal sentence commenced. Williams made the same argument in a petition brought under 28 U.S.C. § 2255 in the Western District of

---

[1] The court has substituted the name of the current warden. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 25(d).

Michigan. *See Williams v. United States*, Case No. 16-cv-1115-rhb. That petition was dismissed as untimely on December 19, 2016.

Williams' petition under § 2241 will likewise be dismissed because Williams may not obtain the relief he seeks under § 2241. To collaterally attack a conviction or sentence, a federal prisoner must *ordinarily* file a petition pursuant to 28 U.S.C. § 2255. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). A narrow exception to this rule is found in subsection (e), known as § 2255's "savings clause," which allows a federal prisoner to "petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). "Inadequate or ineffective means that a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citation and internal quotation marks omitted).

The Seventh Circuit has established three conditions that must be present before a petitioner can proceed under § 2241 pursuant to this "inadequate or ineffective" exception. First, the petitioner must be relying on a new statutory-interpretation case—rather than on a constitutional case—because § 2255 offers relief to prisoners who rely on new constitutional cases. Second, the petitioner must be relying on a decision that is retroactive on collateral review and that he could not have invoked in his § 2255 petition. Third, the error that the petitioner identifies must be grave enough to be deemed a miscarriage of

justice. *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014), cert. denied, 135 S. Ct. 970 (2015); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998).

Here, Williams cannot meet the first two conditions: he has not identified a case adopting a new statutory interpretation, much less a new case given retroactive application on collateral review. Instead, his argument is based solely on his interpretation of the facts. Moreover, the Seventh Circuit has made clear that the fact that a petitioner's first § 2255 motion was untimely does not render § 2255 inadequate. *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007). Because petitioner has not demonstrated that § 2255 is "inadequate or ineffective," he cannot pursue his claims under § 2241 and his petition must be dismissed.

Finally, a certificate of appealability is not required to appeal from a *properly* filed motion under § 2241. *See Behr v. Ramsey*, 230 F.3d 268, 270 (7th Cir. 2000) ("no certificate of appealability is required in *proper* § 2241 cases like this one") (emphasis added). Because Williams' petition could be interpreted as an untimely or successive petition under § 2255, the court will also address the issue of a certificate of appealability.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner

or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. In this case, there is no question that Williams cannot proceed under § 2241. Thus, no certificate will issue.

ORDER

IT IS ORDERED that the federal habeas corpus petition filed by Anthony Williams pursuant to 28 U.S.C. § 2241 is DENIED and this case is DISMISSED with prejudice. No certificate of appealability will issue. The clerk of court is directed to close this case.

Entered this 12th day of November, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge